EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Inés Escalera Pizarro<br><br>Peticionaria<br><br>v.<br><br>MAPFRE Pan American Insurance Company<br><br>Recurrida | Certiorari<br><br>2021 TSPR 92<br><br>207 DPR ____ |

Número del Caso:  AC-2020-85


Fecha: 29 de junio de 2021


Tribunal de Apelaciones:

    Panel X


Abogados de la parte peticionaria:

    Lcda. Claudia A. Rosa Ramos
    Lcdo. Juan Saavedra Castro
    Lcda. María D. Irizarry Marqués


Materia: Sentencia con Opinión disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Inés Escalera Pizarro

    Peticionaria

      v.                     AC-2020-85      *Certiorari*

MAPFRE Pan American Insurance
Company

    Recurrida

SENTENCIA
(Regla 50)

En San Juan, Puerto Rico, a 29 de junio de 2021.

Examinada la *Segunda moción de reconsideración* presentada por la parte peticionaria, y ya habiéndose acogido anteriormente el recurso de apelación presentado como uno de *certiorari*, se expide el auto de *certiorari* en reconsideración y sin ulterior procedimiento conforme a la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50 (2012), se revocan las determinaciones emitidas el 15 de noviembre de 2019 por el Tribunal de Primera Instancia y el 31 de agosto de 2020 por el Tribunal de Apelaciones, y se devuelve el caso al Tribunal de Primera Instancia para evaluar y resolver el mismo en conformidad con lo resuelto por este Foro en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ____ (2021).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hace constar la expresión siguiente:

> La Jueza Presidenta Oronoz Rodríguez disiente del trámite que adoptó este Tribunal para resolver este caso por medio de una Sentencia escueta, de un párrafo, en la cual no se exponen los hechos

particulares del caso ni se lleva a cabo el análisis jurídico aplicable.

Si bien una Mayoría de este Tribunal tomó una postura en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ____ (2021), sobre la normativa aplicable a los casos de seguros producto de los huracanes Irma y María, la Sentencia que hoy se emite no dispone de un tracto fáctico expreso que le permita a las partes y a los foros recurridos evaluar si en este caso se incumplió con lo dispuesto por este Tribunal en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, supra.

No representa los mejores intereses de las partes, ni de los foros inferiores el despachar estos asuntos sin un análisis concienzudo. Algunos de estos casos llevan más de un año ante la consideración de este Tribunal por lo que corresponde que ejerzamos nuestra función constitucional, mediante el análisis individualizado que ameritan.

La determinación de si en un caso particular se configuraron los requisitos de la figura de pago en finiquito descansa en sus circunstancias particulares. Por lo tanto, no puedo estar de acuerdo con que decidamos de un plumazo, mediante una Sentencia genérica, el mismo resultado para todo caso con una controversia similar. Por entender que el mecanismo que adoptó este Tribunal para disponer de la controversia es uno inadecuado y contrario a nuestro mandato constitucional, me veo compelida a disentir.

La Jueza Asociada señora Pabón Charneco emitió una Opinión disidente.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Inés Escalera Pizarro<br><br>Peticionaria<br><br>v.<br><br>Mapfre Pan American<br>Insurance Company<br><br>Recurrida | AC-2020-0085 | |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 29 de junio de 2021.

Disiento de la determinación que hoy emite este Tribunal al acoger la *Segunda moción de reconsideración* presentada por la parte peticionaria con el efecto de revocar las sentencias emitidas por los foros inferiores y devolver el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Luego de examinar el expediente y los hechos particulares de este caso, solamente puedo concluir que no hay una controversia real sobre los hechos materiales que impidiera al foro primario dictar sentencia sumariamente. Asimismo, se cumplieron con todos los elementos de la doctrina de pago en finiquito. Por lo tanto, confirmaría la Sentencia del Tribunal de Apelaciones que a su vez confirmó la determinación del foro primario.

I

El 20 de septiembre de 2018, la Sra. Inés Escalera Pizarro (peticionaria) presentó una demanda contra MAPFRE Panamerican Insurance Company (recurrida o aseguradora) por los daños que sufrió su residencia como consecuencia del paso del Huracán María. Alegó que la aseguradora incumplió con sus obligaciones contractuales al negarle la cubierta sin justificación y al no emitir los pagos adeudados, pues pagó una cantidad menor a la que le correspondía. Asimismo, sostuvo que la recurrida había violado varias disposiciones del Código de Seguros de Puerto Rico. 26 LPRA sec. 2716a.

Al contestar la demanda, la recurrida levantó como defensa afirmativa la aplicación de la doctrina de *accord and satisfaction*. Posteriormente, presentó una *Moción de desestimación por pago en finiquito* en la que sostuvo que cumplió con sus obligaciones contractuales, que la peticionaria firmó un documento intitulado *Sworn Statement in Proof of Loss* que establecía la suma otorgada luego de aplicarle el deducible, y que también había aceptado el pago ofrecido como pago final por los daños reclamados. Por lo tanto, sostuvo que la obligación contractual entre las partes quedó extinguida conforme a la doctrina de pago en finiquito. Para ello, entre los documentos presentados incluyó la *Orden de Pago* y copia del cheque emitido. Posteriormente, mediante una *Moción suplementada de desestimación por pago en finiquito en cumplimiento de orden del Tribunal*, la aseguradora incluyó copia del acuse de recibo de la reclamación y del *Sworn Statement in Proof of Loss*.

Por su parte, la peticionaria se opuso y sostuvo que existían hechos en controversia que impedían dictar sentencia sumaria. Específicamente, señaló como hechos en controversia (1) la buena fe de la aseguradora al remitir un pago sustancialmente menor al que tenía derecho; (2) la existencia de un consentimiento viciado al no haber sido informada adecuadamente sobre el resultado del ajuste y las razones específicas para este; y (3) si la peticionaria podía razonablemente entender el efecto de aceptar el pago remitido por la aseguradora a base de la información suministrada con el pago. Asimismo, sostuvo que no era de aplicación la doctrina de pago en finiquito, pues la oferta de la aseguradora se trataba de una suma líquida y exigible.[1]

Mediante *Sentencia* emitida el 15 de noviembre de 2019 y notificada el 3 de diciembre de 2019, el Tribunal de Primera Instancia declaró con lugar la moción de sentencia sumaria y desestimó con perjuicio la demanda tras concluir que aplicaba la doctrina de pago en finiquito. Surge de la Sentencia que los siguientes hechos no estaban en controversia:

1. El 20 de septiembre de 2017, el huracán María pasó sobre Puerto Rico.

2. Para el 20 de septiembre de 2017, la demandante Inés Escalera Pizarro había adquirido y tenía

---

[1] Posteriormente, la aseguradora presentó una *Réplica a la Moción en oposición de la Moción de desestimación* en la que reiteró que la demandante recibió, retuvo, endosó y depositó el ofrecimiento de pago hecho por la recurrida, cumpliéndose así con los requisitos de la doctrina de pago en finiquito. Esto sin haber presentado reconsideración del ajuste realizado, ni haber devuelto el cheque que le fue expedido y sin tampoco presentar facturas, estimados o notificación de daños adicionales a la aseguradora. Apéndice, pág. 151.

vigente la póliza número 3556139014137 expedida por MAPFRE Pan American Insurance Company.

3. Conforme a sus términos, condiciones y exclusiones, la póliza número 3556139014137 le brindaba cubierta a la propiedad localizada en Lomas de Carolina, D25 Calle Monte Membrillo, Carolina, Puerto Rico, perteneciente a la demandante.

4. La parte demandante presentó un aviso de pérdida al cual se le asignó el número 20173267829.

5. Luego de evaluada la reclamación [la] demandada emitió una orden de pago y cheque en la cantidad de $14,306.96.

6. MAPFRE emitió el cheque número 1701137 por la cantidad de $14,306.96 como pago total y final de la reclamación 20173267829 realizada por la parte demandante y conforme el informe de estimado de daños y su ajuste.

7. El cheque número 1701137 expedido por Mapfre a favor de Inés Escalera Pizarro fue endosado y cambiado por esta.

8. La demandante firmó un "Sworn Statement in Proof of Loss".

9. El reverso del cheque, justo arriba de donde firmó la demandante Inés Pizarro Escalera [sic] para cambiarlo, indica expresamente lo siguiente: "El endoso de este cheque constituye el pago total y definitivo de toda obligación, reclamación o cuenta comprendida en el concepto indicado en el anverso".

10. En el anverso se especifica que este se emite por concepto de pago total y final de la reclamación por [el] huracán María ocurrida el día 9/20/2017.

Luego de que el Tribunal de Primera Instancia denegara una solicitud de reconsideración presentada por la peticionaria, esta recurrió ante el foro apelativo intermedio mediante recurso de apelación. Finalmente, el Tribunal de Apelaciones confirmó la sentencia recurrida y concluyó que no habían hechos materiales en

controversia y que aplicaba la doctrina de pago en finiquito.

Inconforme, la peticionaria acudió ante nos y sostuvo que los foros inferiores erraron al determinar que aplicaba la doctrina de pago en finiquito y que no existían hechos materiales en controversia. Añadió que la figura de pago en finiquito es incompatible con el Código de Seguros y su reglamento.

El 5 de febrero de 2021 acogimos el recurso de apelación presentado como *certiorari* y denegamos el mismo. Asimismo, el 9 de abril de 2021 denegamos la moción de reconsideración presentada. Sin embargo, hoy una mayoría del Tribunal acoge la *Segunda moción de reconsideración* presentada por la peticionaria, revoca las sentencias emitidas por los foros inferiores y devuelve el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta opinión, deseo recapitular unos aspectos sobre la aplicación del estándar de revisión de las mociones de sentencia sumaria.

Como hemos expresado, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, requiere dictar sentencia sumaria a favor de la parte promovente si las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas u otra evidencia demuestran la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. Para ello, la parte promovente debe desglosar los hechos sobre los que aduce que no existe controversia junto a la prueba específica que lo sostiene. De igual forma, la parte opositora debe presentar evidencia admisible que ponga en controversia los hechos presentados por el promovente según exige la Regla 36.3 de Procedimiento Civil, supra. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010), citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986). De lo contrario, estos se se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede.

Luego de un examen de los autos, podemos observar que la peticionaria -como parte opositora- no refutó los hechos presentados por la recurrida según lo requieren las reglas procesales y se limitó a argumentar que existía controversia en cuanto a qué cantidad de dinero tiene derecho a recibir, así como, si "aceptó como pago final y consintió a cerrar su reclamación contra Mapfre con el mero hecho de cobrar el cheque". Apéndice, pág. 117. Por lo tanto, no existe una controversia real sobre los hechos materiales del caso, y a su vez, podemos concluir que los foros inferiores aplicaron

correctamente el estándar de revisión de mociones de sentencia sumaria exigidos por la Regla 36 de Procedimiento Civil, *supra*.

Por otro lado, nuestro ordenamiento jurídico reconoce la figura del pago en finiquito (*accord and satisfaction*). Regla 6.3(b) de Procedimiento Civil, 32 LPRA Ap. V. Así, para que exista un *accord and satisfaction* se requieren los tres (3) elementos siguientes: (1) una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) un ofrecimiento de pago por el deudor; y (3) una aceptación del ofrecimiento de pago por el acreedor. Como expresara en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, la oferta que presenta la aseguradora tras el ajuste de un seguro sobre propiedad inmueble es un estimado razonable de los daños que considera cubiertos y está sujeta a ser impugnada por el asegurado. En vista de ello, la deuda es ilíquida e incierta hasta que las partes no acuerden fijar su valor. Asimismo, la oferta (ofrecimiento) presentada por la aseguradora era un pago total, completo y definitivo de la deuda y surge conspicuamente del cheque.

Al aplicar el derecho a los hechos de esta controversia, no hay controversia de que la compañía aseguradora recibió la reclamación de la peticionaria. Asimismo, tras los trámites correspondientes de investigación y ajuste, esta le envió un cheque a la peticionaria como oferta de pago. En ambas caras del instrumento expresó que era en pago total y final de los daños ocasionados por el Huracán María. Tampoco hay controversia de que la peticionaria endosó y cobró el

cheque. En vista de ello, concluyo que se configuró la figura de pago en finiquito (*accord and satisfaction*).

IV

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.


Mildred G. Pabón Charneco
Jueza Asociada